```
BENJAMIN B. WAGNER
United States Attorney
SUSAN PHAN
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, CA 93721
(559) 497-4000
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>JOSE MORENO-CONTRERAS,<br><br>                 Defendant. | CASE NO. 1:09-CR-00406 AWI<br><br>MEMORANDUM IN SUPPORT OF<br>GOVERNMENT'S MOTION TO COMPEL<br>DEFENDANT'S FINGERPRINTS<br><br>Trial Date:<br>Time:<br>Place:   Courtroom 2<br>Judge:   Hon. Anthony W. Ishii |

### I.   STATEMENT OF FACTS

Defendant LEONEL AYON-ONTIVEROS is charged with illegal reentry of a deported alien. 8 U.S.C. § 1326(a) and (b)(2).  MORENO-CONTRERAS is a native and citizen of Mexico.  On or about June 15, 1995, defendant was sentenced to two (2) years imprisonment for transportation of methamphetamine for sale, in violation of California Health and Safety Code § 11377.  On or about April 3, 2006, defendant was removed from the United States pursuant to an Immigration Judge's Order.  Defendant was thereafter found by immigration authorities, specifically Immigration Enforcement Agent ("IEA") Jorge Zuzunagha, in Fresno, CA, in the Eastern District of California, on or about August

1

3, 2009.  Defendant provided Zuzunagha a sworn statement admitting his prior removal and lack of permission to reenter the United States.

To establish that the defendant was a previously deported alien found in the Eastern District of California, the government seeks to obtain fingerprint samples from the defendant to compare with documents in his immigration file.

## II. ARGUMENT

The Supreme Court has held that the taking of non-testimonial exemplars from a defendant does not violate the Fourth or Fifth Amendments.  Schmerber v. California, 384 U.S. 757, 760-64 (1966). The defendant retains no constitutional privacy interest against his correct identification.  Friedman v. Boucher, 580 F.3d 847, 863 (9th Cir. 2009).  Fingerprint samples are physical evidence, which are non-testimonial in nature.  U.S. v. Wade, 388 U.S. 218, 223 (1967)(compulsion to submit to fingerprinting, does not become testimonial within the scope of the privilege against self-incrimination).  Now that the government is aware of the defendant's identity, "the government may make use of that information in bringing [Moreno-Contreras] to face charges for illegal reentry and to require the defendant to submit new fingerprint exemplars to establish his identity at trial."  U.S. v. Ortiz-Hernandez, 427 F.3d 567, 577 (9th Cir. 2006).  Accordingly, compulsion to submit to the taking of fingerprint samples do not constitute a violation of the defendant's constitutional rights.

///
///
///
///

### III. CONCLUSION

Based on the foregoing, the Government respectfully requests that the defendant be ordered to submit to the taking of fingerprint samples in a manner directed by the Government.

DATED: February 9, 2010            Respectfully submitted,

                                              BENJAMIN B. WAGNER
                                              United States Attorney

                                      By:   /s/ Susan Phan
                                              SUSAN PHAN
                                              Assistant U.S. Attorney

### O R D E R

IT IS HEREBY ORDERED that defendant JOSE MORENO-CONTRERAS allow Government agents to obtain fingerprint samples from him in a manner directed by the Government.

IT IS SO ORDERED.

Dated: February 10, 2010            /s/ Anthony W. Ishii
                                            ANTHONY W. ISHII
                                            United States District Court Judge